UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                     **CENTRAL DIVISION at LEXINGTON**


| | | |
|---|---|---|
| CORONA K. WEBB, | ) | |
| | ) | |
|     Plaintiff, | ) | Civil Case No. |
| | ) | 5:17-cv-489-JMH |
| v. | ) | |
| | ) | **MEMORANDUM ORDER** |
| | ) | **AND OPINION** |
| NANCY A. BERRYHILL, ACTING | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY | ) | |
| | ) | |
|     Defendant. | | |

                                *** 

    Plaintiff Corona K. Webb, proceeding pro se, brings this matter under 42 U.S.C. § 405(g) seeking judicial review of an administrative decision of the Acting Commissioner of Social Security. The Court, having reviewed the record and the motions filed by the parties, will **AFFIRM** the Commissioner's decision as no legal error occurred and the decision is supported by substantial evidence.

                **I.   Standard for Determining Disability**

    Under the Social Security Act, a disability is defined as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In determining disability, an

Administrative Law Judge ("ALJ") uses a five-step analysis. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). Step One considers whether the claimant is still performing substantial gainful activity; Step Two, whether any of the claimant's impairments are "severe"; Step Three, whether the impairments meet or equal a listing in the Listing of Impairments; Step Four, whether the claimant can still perform past relevant work; and, if necessary, Step Five, whether significant numbers of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *Id.*; *see also Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

## II. Procedural and Factual History

Webb initially filed an application for Disability Insurance Benefits (DIB)[1] in September 2014, alleging disability as of March 22, 2010, which was later amended to April 2010 based on the date that Webb stopped working. [TR 166, 184]. Webb alleged disability based on the following conditions: chronic obstructive pulmonary disease (COPD), fibromyalgia, degenerative disc disease, severe asthma, insomnia, urinary incontinence, blurry vision, muscle

---

[1] Because Webb only applied for DIB and not Supplemental Security Income, Webb was required to prove that she became disabled prior to the date last insured. See 42 U.S.C. §§ 423(a)(1)(A), (c)(1); Social Security Ruling (SSR) 83-10, 1983 WL 31251, at *8. The ALJ determined that the date last insured in this case was June 30, 2015. [TR 11-12, 53-54].

2

spasms, pain all over her body, numbness, and headaches. [TR 184]. Webb's claim for benefits was denied initially and upon reconsideration. [TR 71, 82].

Then, Webb pursued her claim at a hearing in front of ALJ Bonnie Kittinger on August 1, 2016. [TR 43-70]. Webb was represented by attorney Frank Jenkins at the hearing. Webb testified at the hearing and explained that she could not walk for very long periods of time due to COPD and asthma. [TR 50]. Additionally, Webb stated that she used oxygen and inhalers because of these respiratory issues. [TR 51]. Furthermore, Webb testified that she had pain all over her body and that she fell often because her balance was off. [TR 52]. Webb also testified that she had pain in her left knee and ankle and that she used a breathing machine when sleeping at night. [TR 52-53, 56]. In addition to Webb's testimony, the ALJ heard testimony from a vocational expert, Dr. Rogers. [TR 62-68].

On October 5, 2016, the ALJ issued an unfavorable decision. [TR 11-20]. The ALJ found that Webb suffered from the following severe impairments: COPD, degenerative disc disease, hypertension, and fibromyalgia. [TR 14]. Still, the ALJ determined that Webb had the residual function capacity to perform sedentary work with certain limitations. [TR 15]. Finally, after taking the vocational expert's testimony into account, the ALJ found that Webb could perform past semiskilled relevant work as a receptionist

or telephone solicitor. [TR 19]. On October 13, 2017, the Appeals Council denied review. [TR 1-6].

On December 12, 2017, Webb pursued judicial review of the Commissioner's decision by filing this appeal. [DE 1]. In its entirety, Webb's complaint says, "My name [is] Corona K. Webb and I am suing [the] United States Social Security Office, for my disability of appeal (sic), of Commissioner of Social Security (sic)." [DE 1 at 1, Page ID # 1]. On February 16, 2018, Webb filed a pro se motion for disability reevaluation, which states, "During trial, judge and disability examiner were more concerned with previous job habits rather than severity of health disabilities. Exertional requirements[] [and] residual function capacity [were] not established. Examiner did not present nor analyze certain factors from medical evidence records concerning impairments." [DE 8 at 2, Page ID # 18]. The Commissioner answered Webb's complaint on April 20, 2018. [DE 11, 11-1].

On April 23, 2018, the Court issued a standard scheduling order requiring Webb to move for summary judgment or judgment on the pleadings within sixty days of the Commissioner filing an answer and certifying a copy of the transcript of the administrative record. [DE 12]. The scheduling order required the Commissioner to file a counter-motion or response within thirty days of Webb filing a motion for summary judgment or judgment on the pleadings. [*Id.*].

4

Webb filed a letter styled as a motion for reconsideration and approval of dire need disability benefits on June 22, 2018. [DE 13]. Webb's letter largely reiterated her previous motion, stating, "The case was erroneously denied because focus was only on previous job history and not on physical status." [DE 13 at 1, Page ID # 1307]. Webb attached a list of medical conditions [DE 13-1] and a physician's note from Dr. Debra Tallo from a visit on March 20, 2018, [DE 13-2] to her motion.

In response, the Commissioner moved for summary judgment on July 23, 2018. [DE 15]. On September 4, 2018, Webb moved for an extension of time to respond to Commissioner's motion for summary judgment. [DE 16]. The Court granted Webb's motion and required Webb to move for summary judgment or otherwise respond to Commissioner's motion for summary judgment on or before October 15, 2018. [DE 17].

On October 19, 2018, Webb filed a two-page letter in response reiterating her previous claims and asking for reevaluation of the Commissioner's decision. [DE 18]. Webb attached medical records as an exhibit to her response. [DE 18-1]. Since the Commissioner has moved for summary judgment and Webb has responded, this case is ripe for review.

## III. Standard of Review

When reviewing the ALJ's decision, this Court may not "try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility." *Ulman v. Comm'r of Soc. Sec*, 693 F.3d 709, 713 (6th Cir. 2012). This Court determines only whether the ALJ's ruling is supported by substantial evidence and was made pursuant to proper legal standards. *Cutlip v. Sec'y of Health & Human Servs*., 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. The Court is to affirm the decision, provided it is supported by substantial evidence, even if this Court might have decided the case differently. *See Her v. Comm'r of Soc. Sec*., 203 F.3d 388, 389-90 (6th Cir. 1999).

## IV. Analysis

While unclear, Webb appears to generally argue that the ALJ erred by focusing on Webb's past work history instead of focusing on Webb's the medical evidence. [*See* DE 1; DE 8]. Additionally, Webb has attached recent medical evidence to her filings and asks the Court to consider this evidence when reviewing the Commissioner's decision. [See DE 13-2; 18-1].

## A. ALJ's Consideration of the Medical Evidence

First, Webb's assertion that the ALJ did not consider the relevant medical evidence is not supported by a review of the record and the ALJ's written decision. The ALJ considered a voluminous transcript of medical records in making her decision and discussed the medical evidence in her written opinion in this case.

For instance, the ALJ discussed Webb's shortness of breath and COPD. [TR 16-17]. While the ALJ found that Webb's COPD constituted a severe impairment, the ALJ noted that Webb's treatment has been conservative and that "[t]reatment notes suggest[ed] that when [Webb] took medication as prescribed, her symptoms associated with respiratory impairments were controlled." [TR 16]. The ALJ considered and provided detailed analysis of an April 2014 CT scan of Webb's chest. [TR 16-17, *see* TR 639]. Finally, the ALJ reviewed medical treatment notes that suggested that Webb was doing well with Prednisone and oxygen therapy for her respiratory issues. [TR 17].

Next, the ALJ considered the medical evidence concerning Webb's pain affecting her entire body. Initially, the ALJ considered the results of MRIs of Webb's cervical spine and lumbar spine. [TR 17; *see* TR 635, 640]. Additionally, the ALJ noted that the results of an EMG and nerve condition studies of the upper and lower extremities were normal. [TR 17, *see* TR 597].

Furthermore, the ALJ noted that the results of a December 2014 musculoskeletal examination were basically normal but that "there were multiple tender areas consistent with fibromyalgia." [TR 17-18, *see* TR 567].

In addition to review of the medical exhibits, the ALJ also considered and assigned weight to opinion evidence provided by medical experts.

First, the ALJ considered the opinion evidence provided by Webb's primary care physician, Dr. E. Clarke Standiford. [TR 18]. As the ALJ noted, Dr. Standiford opined that, "[a]t present [Webb] remains unable to work as a result of ongoing fibromyalgia." [TR 625, *see* TR 18]. The ALJ gave no significant weight to Dr. Standiford's opinion because Dr. Standiford did not discuss Webb's functional limitations. Additionally, the ALJ correctly observed that Dr. Standiford's opinion that Webb was unable to work is not a medical opinion but is instead an issue reserved to the Commissioner by law. 20 C.F.R. § 404.1527(d); *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 286 (6th Cir. 2009); *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). Thus, the ALJ's decision to assign little weight to the opinion of Dr. Standiford was reasonable.

Second, the ALJ assigned no weight to the opinion of Dr. Lucia Hardi. [*See* TR 1173-94]. The ALJ incorrectly stated that Dr. Hardi's stated opinion that Webb had a "significant impairment of

8

function . . . [that] prevents her from holding a job at this time," was made after the date last insured. [*See* TR 18; DE 15, p. 10, Page ID # 1329]. Dr. Hardi's statement was made on April 10, 2015, prior to the date last insured of June 30, 2015. [TR 1188, *see* TR 11-12, 53-54]. Still, this error is harmless because, as the ALJ pointed out, Dr. Hardi's statement was not specific regarding Webb's functional limitations. [TR 18]. Furthermore, Dr. Hardi's opinion that Webb was unable to hold a job is not a medical opinion that must be accorded controlling weight. 20 C.F.R. § 404.1527(d). Thus, the ALJ's assignment of no weight to Dr. Hardi's opinion is reasonable as well.

Third, the ALJ considered and accorded partial weight to the opinion evidence of a state agency medical consultant. [TR 18]. After reviewing the record evidence, Dr. Allen Dawson, a state agency medical consultant, opined that Webb could perform a range of light work. [TR 92-95].

Here, Webb's main concern seems to be that the ALJ was more concerned with her prior work history than the medical evidence. But consideration of a claimant's past relevant work history and residual function capacity are integral parts of the five-step sequential analysis that is employed to determine if someone is disabled. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). Consequently, medical evidence standing alone is insufficient to demonstrate that a person is disabled. In

determining whether Webb was disabled, the ALJ was required to consider her residual function capacity and determine whether Webb could still perform past relevant work.

Ultimately, upon review of the record and the ALJ's written decision in this matter, the contention that the ALJ failed to consider the medical evidence is without support. Here, the ALJ considered numerous medical exhibits and discussed some of the relevant medical testing and procedures in detail. [See TR 16-18]. Additionally, the ALJ reviewed opinion evidence provided by multiple medical professionals and stated reasons for assigning various degrees of weight to those opinions. In finding that Webb was not disabled, the ALJ was not required to discuss every piece of medical evidence contained in the record so long as the ALJ considered the evidence as a whole and reached a reasonable conclusion. See *Boseley v. Comm'r of Soc. Sec.*, 397 F. App'x 195, 199 (6th Cir. 2010). As a result, Webb's request for reconsideration is without merit.

**B. Additional Medical Evidence and Records**

Webb attached a handwritten list of her current medical conditions [DE 13-1] and a physician's note from a visit with Dr. Tallo [DE 13-2] to her motion for reconsideration. Additionally, Webb attached eighty-four pages of medical evidence and records to her response to the Commissioner's motion for summary judgment. [DE 18-1]. Some of the records attached to the response are

duplicates of medical records that are already contained in the administrative transcript.  Alternatively, some of the evidence contained attached to Webb's response are results from recent provider visits and medical tests.

For Social Security appeals, evidence is generally limited to the administrative record prepared by the agency.  See 42 U.S.C. § 405(g).  Additional evidence may be considered "only upon a showing that there is new evidence which is material and that there is good cause for failure to incorporate such evidence into the record in a prior proceeding."  *Id.*

Here, the Court may only consider evidence that is contained in the administrative transcript.  The Commissioner's decision in this case became final on October 13, 2017, when the Appeals Council denied review.  The present appeal is a review of the Commissioner's final decision.  Thus, this appeal looks backward and considers relevant evidence contained in the administrative transcript before October 2017.

Additionally, Webb cannot demonstrate any good cause for failure to incorporate the recent medical evidence into the record in a prior proceeding because the evidence did not exist before the prior proceedings.  Thus, to the extent that Webb attempts to introduce medical evidence created after October 2017, that evidence is irrelevant to this appeal.

Furthermore, any new medical evidence that existed prior to the Commissioner's final decision but was not introduced into the administrative transcript is also inadmissible because Webb has failed to show good cause for failure to incorporate the medical evidence into the record for the prior administrative proceedings. In fact, other than general statements, Webb has provided no commentary or argument as to why the medical evidence she has attached to her motions is relevant to her disability appeal. As a result, the medical records and evidence that Webb attached to her motions [DE 13-1; DE 13-2; DE 18-1] is inadmissible for this appeal.

**C. Any Other Arguments are Waived**

Webb has generally asserted that the ALJ erred in her case but other than a general allegation that the ALJ failed to consider the medical evidence, Webb fails to provide any further discussion or argument alleging error. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *Vasquez v. Astrue*, No. 6:12–CV–125–KSF, 2013 WL 1498895, at *6 (E.D. Ky. Apr. 11, 2013) (citing *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir.1997)); *see also Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477,

491 (6th Cir. 2006). As a result, any additional arguments that Webb has attempted to make on appeal are waived.

## V. Conclusion

Having found no legal error on the part of the ALJ and that the decision is supported by substantial evidence, the Acting Commissioner's final decision is **AFFIRMED**.

Accordingly, it is hereby **ORDERED** as follows:

(1) Plaintiff's Motions for Disability Reevaluation [DE 8; DE 13] are **DENIED**;

(2) Defendant's Motion for Summary Judgment [DE 15] is **GRANTED**;

(3) Judgment in favor of the Defendant will be entered contemporaneously herewith.

This the 24th day of October, 2018.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge